# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Dorothy M. McCowan, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-06-2898 |
| | § | |
| Michael J. Astrue, | § | |
| Commissioner of the Social Security | § | |
| Administration,[1] | § | |
| | § | |
| *Defendant.* | § | |

## Memorandum & Order

### I. Introduction

Plaintiff Dorothy McCowan is appealing a denial of social security benefits pursuant to 42 U.S.C. § 405(g). Plaintiff claims that Michael J. Astrue, the Commissioner of the Social Security Administration (the "Commissioner"), erred in denying her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). The parties have filed cross motions for summary judgment, and the matter is ripe for decision. After considering plaintiff's motion for summary judgment (Dkt. 9), the defendant's response and cross motion for summary judgment (Dkt. 10), plaintiff's reply (Dkt. 11), and the applicable law, plaintiff's motion for summary judgment is DENIED IN PART and GRANTED IN PART, and the defendant's cross motion for summary

---

[1] This case was originally filed against Jo Anne B. Barnhart, who was at that time the Commissioner of the Social Security Administration (the "SSA"). On February 1, 2007, the U.S. Senate confirmed Michael J. Astrue to succeed Barnhart as the Commissioner of the SSA, and he is automatically substituted as the defendant in this suit without further action. *See* Fed. R. Civ. P. 25(d)(1); 153 Cong. Rec. S1543 (daily ed. Feb. 1, 2007).

judgment is GRANTED IN PART and DENIED IN PART.  Thus, the decision of the Commissioner is AFFIRMED IN PART, VACATED IN PART, and REMANDED for further proceedings consistent with this opinion.

## II.  BACKGROUND

### A.  Procedural History

Plaintiff protectively filed applications for DIB and SSI on January 16, 2003. (Tr. 84-86, 115-16).[2]  She contends that she is disabled and has been unable to work since July 22, 2002 (Tr. 84).  After plaintiff's application was denied at the initial and reconsideration levels (Tr. 36-42, 45-50), plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on May 13, 2005.  (Tr. 562-84).  In a decision dated June 24, 2005, the ALJ denied plaintiff's application for disability benefits, finding that plaintiff was not disabled as defined by the Act.  (Tr. 31).  After the Appeals Council denied plaintiff's request for review on August 4, 2006, the ALJ's decision became the Commissioner's final decision.  (Tr. 6-9); *see Sims v. Apfel*, 530 U.S. 103, 107, 120 S. Ct. 2080 (2000).  Plaintiff then filed the instant action pursuant to 42 U.S.C. § 405(g).

### B.  Factual History

Plaintiff was 51 years of age at the time of the hearing.  (Tr. 53).  Plaintiff's past relevant work experience includes employment as a cashier, security guard, home health aide, and a child monitor.  (Tr. 30).  The administrative hearing was held on May 13, 2005.  (Tr. 23).  Plaintiff was present and testified, and was represented by counsel.  (*Id.*).  At the hearing, the ALJ reviewed the medical record and heard testimony from plaintiff and Byron Pettingill, a vocational expert.  (*Id.*).  Plaintiff alleged that she was disabled due to diabetes, neuropathy, shortness of breath, and depression (Tr. 564-76).

---

[2] The transcript of the administrative record will be cited as "Tr. __".

After reviewing the evidence, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act.  At step one, the ALJ found that plaintiff's work since the alleged onset date of July 22, 2002, constituted an unsuccessful work attempt.  (Tr. 30).  At step two, the ALJ found that plaintiff possessed the "severe" impairments of diabetes mellitus, hypertension, obesity, and heel spurs.  (Tr. 25).  At step three, however, the ALJ concluded these impairments or a combination of impairments did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 ("Listings") that when coupled with the duration requirement of 20 C.F.R. § 404.1509 would have resulted in the presumption of a disability.  (Tr. 26-27).  At the fourth step, the ALJ found plaintiff possessed the residual functional capacity to perform light work for a significant period of time.  (Tr. 31).  Based on this finding, the ALJ determined that plaintiff was able to perform her past relevant work as a cashier and security guard.  (*Id.*).  Thus, the ALJ held plaintiff was not disabled and not entitled to disability benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  (*Id.*).

After the ALJ's decision, plaintiff added four new pieces of evidence to the record for review by the Appeals Council.  (Tr. 9).  Plaintiff submitted an assessment of her condition by a treating physician, Karin Olson, M.D., along with additional treating records.  (*Id.*).  The Appeals Council acknowledged receipt of the new evidence, *see id.*, but did not comment on this evidence when it denied review of the ALJ's decision.  Instead, the Council issued a standard form denial of plaintiff's claims.  (Tr. 6-8).

## III.  STANDARD OF REVIEW

In most Social Security disability cases, 42 U.S.C. § 405(g) governs the standard of review. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002)*; Estate of Morris v. Shalala*, 207 F.3d 744, 745

(5th Cir. 2000).  The federal courts review the Commissioner's denial of Social Security benefits to ascertain whether (1) the final decision is supported by substantial evidence, and (2) whether the Commissioner used the proper legal standards to evaluate the evidence.  *Higginbotham v. Barnhart*, 405 F.3d 332, 335 (5th Cir. 2005).  "Substantial evidence" is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).  "It is 'more than a mere scintilla and less than a preponderance.'"  *Id*. (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

However, this deferential review standard is inapplicable to certain cases involving the inaction of the Appeals Council.   Under the Commissioner's procedures, the Appeals Council must "specifically address additional evidence or legal arguments or contentions submitted in connection with the request for review."  *See Hearings, Appeals, and Litigation Law Manual* (HALLEX) section I-3-501 (Sept. 8, 2005), *available at* 1993 WL 643141.  While HALLEX does not carry the force of law, the Fifth Circuit has held that "where the rights of individuals are affected, an agency must follow its own procedures, even where the internal procedures are more rigorous than otherwise would be required."  *See Hall v. Schweiker*, 660 F.2d 116, 119 (5th Cir. 1981).  If the Appeals Council fails to address the new evidence, this failure constitutes legal error.  *Newton v. Apfel*, 209 F.3d 448,  459 (5th Cir. 2000).

In this situation, the court must then consider whether the error prejudiced the claimant.  "Prejudice can be established by showing that . . . the additional evidence might have led to a different decision."  *See Newton*, 209 F.3d at 458 (quoting *Ripley v. Chater*, 67 F.3d 552, 557 n.22 (5th Cir. 1995)).  If prejudice results from a violation, the "result cannot stand."  *Id.* at 459.

4

## IV.  ANALYSIS

As a threshold matter, the Commissioner acknowledges that the Appeals Council did not specifically address the new evidence adduced by plaintiff in the Council's denial of review.  Dkt. 10 at 9.   Thus, the court finds that the Council's failure in this regard violated its internal procedures. *See* HALLEX, section I-3-501.   The only contested issue remaining is whether this error prejudiced plaintiff.

In determining prejudice, the court must first inquire whether the evidence is relevant, including whether the evidence relates to the time period for which benefits were denied.  *See Newton*, 209 F.3d at 459-60.  Plaintiff challenges the denial of her applications for disability benefits and SSI benefits.  *See* Dkt. 9 at 3.   The relevant time periods for analyzing the DIB claim and the SSI claim are different, and thus these claims will be analyzed separately.

## A.  Disability Insurance Benefits (DIB)

As stated above, the court must ask whether the new evidence might have led the ALJ to grant plaintiff's request for DIB.  *Ripley*, 67 F.3d at 557 n.22.   In this case, Plaintiff has alleged that she became disabled on July 22, 2002.  (Tr. 24, 84-86).   In order to qualify for DIB, she must establish that she was disabled from that date through December 31, 2003, the date her insured status expired.  42 U.S.C. § 423(a), (c); *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992).  However, plaintiff's new exhibits, consisting of Dr. Olson's report and supporting records, are based on treatment *after* plaintiff's disability period, from February 2005 through January 2006.  (Tr. 9).  Such evidence is not relevant to plaintiff's claim, and the Appeals Council's failure to review that evidence did not prejudice plaintiff.  *See Newton*, 209 F.3d at 460 (finding that evidence of plaintiff's condition in 1995 and 1996 was not relevant to a claim for a possibly disabling condition from 1989 to 1994 and holding

that the Appeals Council's failure "to address the evidence with greater specificity" did not prejudice plaintiff).  Accordingly, the ALJ's denial of plaintiff's DIB application, which is not contested by plaintiff, *see* Dkt. 11 at 3, is supported by substantial evidence and is affirmed.

## B.  <u>Supplemental Security Income Benefits (SSI)</u>

For SSI, the relevant period for this analysis is the time between plaintiff's date of disability, July 22, 2002, through the date of the ALJ's decision,  June 24, 2005.  *See* 20 C.F.R. § 416.330; *Cieutat v. Bowen*, 824 F.2d 348, 359 (5th Cir. 1987).  Dr. Olson's report details plaintiff's condition based on clinical notes of plaintiff's treatment from February through July 2005.  (Tr. 465-70).  The Commissioner challenges this report because it was generated *after* the ALJ's decision, and thus, he argues, it does not relate to the time period for which benefits were denied.  Dkt. 10 at 6 (citing *Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003) (requiring new evidence to relate to the time period of disability to justify remand)).  However, Dr. Olson's report was based on examinations of plaintiff that occurred for several months leading up to the ALJ's decision on June 24, 2005.  (Tr. 465-70).  To hold that Dr. Olson's report is irrelevant simply because it was rendered on July 19, 2005, less than a month after the ALJ's decision, would disregard the fact that the report is based on findings that relate to the time period in question *before* the ALJ's decision.  Thus, this evidence is relevant to plaintiff's SSI claim, and the court now turns to the core inquiry regarding prejudice: might the new evidence, if considered by the ALJ,  have resulted in a different, favorable decision?

Based on the record evidence available at the time, the ALJ found that plaintiff had the residual functional capacity to perform light work for a substantial duration.  (Tr. 29-30).  According to the ALJ, "a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered

capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities." (Tr. 29). Plaintiff argues that this decision is insupportable because the new evidence contradicts the ALJ's findings. Dkt. 9 at 6-7. Dr. Olson stated in her report that plaintiff "has several medical conditions which severely limit her ability to work." (Tr. 469). Dr. Olson also made findings that plaintiff would have limitations in operating hand and foot controls. (Tr. 466). According to plaintiff, if the ALJ had considered this evidence, he would have reached a different conclusion regarding her work limitations and may have determined that she was disabled.

In rebuttal, the Commissioner argues that Dr. Olson's report would not have affected the ALJ's unfavorable decision because this evidence is consistent with other record evidence the ALJ previously considered. Dkt. 10 at 7. For example, the new evidence contains a statement from Dr. Olson that plaintiff did not take her diabetes medications as prescribed or regularly check her glucose levels. (Tr. 542-43, 549-51). Similarly, the ALJ reviewed evidence from other treating sources indicating that plaintiff often failed to take her medicines or check her glucose during the relevant period. Dkt. 10 at 7; (Tr. 204, 208, 215, 228, 375). Under circuit precedent, a failure to heed the orders of treating physicians can support a finding of nondisability. *See Johnson v. Sullivan*, 894 F.2d 683, 685 n.4 (5th Cir. 1990). In plaintiff's case the ALJ rejected her disability claim based, in part, on statements from her treating sources that she was "not always compliant with treatment." (Tr. 29).

However, even if the court accepts the Commissioner's argument that plaintiff's failure to follow her doctors' orders mitigates against a finding of disability for her diabetes, Dr. Olson's report highlights other problems that contradict the ALJ's decision. The ALJ's central finding of nondisability was based on his determination that plaintiff could engage in light work, including using arm or leg controls in her job. (Tr. 29). Dr. Olson's report directly contradicts this finding and states

7

that plaintiff would have trouble using hand and foot controls due to her peripheral neuropathy.  (Tr. 466).  Thus, the court finds that had the ALJ seen this new evidence, he might have arrived at a different decision regarding her SSI claim.  Plaintiff was prejudiced by the Appeals Council's failure to address the new evidence, and this "result cannot stand."  *See Newton*, 209 F.3d at 459.

## V.  CONCLUSION

Plaintiff adduced new evidence upon which the Appeals Council did not comment, in violation of its own internal procedures.  *See* HALLEX, section I-3-501.  However, this violation only warrants remand to the Commissioner if prejudice results, i.e. the ALJ might have arrived at a different decision had he considered the evidence.  *Ripley*, 67 F.3d at 557 n.22.  In this case, plaintiff makes two analytically distinct claims for social security benefits: (1) Disability Insurance Benefits (DIB); and (2) Supplemental Security Income Benefits (SSI).  With regard to the DIB claim, plaintiff concedes that she was not prejudiced by the Council's failure to review the evidence because the new reports and records relate to a time period after her disability period.  Dkt. 11 at 3.  Thus, no prejudice resulted because this evidence is irrelevant to her DIB claim. *Cf. Newton*, 209 F.3d at 460.  For that reason, this portion of the Commissioner's decision is AFFIRMED.

With regard to plaintiff's SSI claim, the relevant time period for a determination of her entitlement to those benefits is broader, and extends from the date of her disability, July 22, 2002, through the date of the ALJ's decision, June 24, 2005.  Plaintiff's new evidence contains material relevant to the time period for review, and the evidence contradicts the ALJ's finding that plaintiff was not disabled because she could engage in light work.  Because the Appeals Council did not comment on the new evidence, there is no indication that the Commissioner ever considered it, and this failure to address the evidence prejudiced plaintiff's rights.  In short, the court finds that had the ALJ

considered the new evidence, he might have arrived at a different decision.  Accordingly, with respect
to plaintiff's SSI claim, the decision of the Commissioner is VACATED and REMANDED for further
proceedings.  The ALJ should consider all of the evidence of record on remand, including the new
evidence, and determine whether plaintiff is entitled to SSI benefits.

      It is so ORDERED.

      Signed at Houston, Texas on February 20, 2007.

                                  Gray H. Miller
                        United States District Judge